UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DIAMOND RESORTS CORPORATION, a Maryland corporation,<br><br>Plaintiff,<br><br>v.<br><br>MUTUAL RELEASE CORPORATION a/k/a 417 MRC LLC, a Missouri limited liability company; DAN CHUDY, an individual; MATTHEW TUCKER, an individual; JOSEPH DICKELMAN, an individual; THERESE BROOKE PIAZZA, an individual; NATHANIEL TYLER, an individual; and SHEILA WOOD, an individual,<br><br>Defendants. | Case No.: 6:18-cv-03053<br><br>**JURY TRIAL REQUESTED** |

## DEFENDANTS' ANSWER TO VERIFIED COMPLAINT

COME NOW, Defendants, by and through counsel, and for their answer to Plaintiff's "Verified Complaint", state, allege, and aver as follows:

1. Paragraph 1 is admitted.

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted.

4. Paragraph 4 is admitted.

5. Paragraph 5 is admitted.

6. Paragraph 6 is admitted.

1

7. Paragraph 7 is admitted.

8. Paragraph 8 is admitted.

9. Paragraph 9 is admitted.

10. Paragraph 10 is admitted.

11. Paragraph 11 is admitted.

12. Paragraph 12 is a mere legal conclusion to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations thereof.

13. Paragraph 13 is a mere legal conclusion to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations thereof.

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of said paragraph.

15. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of said paragraph.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of said paragraph.

17. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of said paragraph.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of said paragraph.

19. Defendants lack knowledge or information sufficient to form a belief about

the truth of the allegations of said paragraph.

20. Paragraph 20 is admitted.

21. With respect to paragraph 21, admit that the attached exhibits are true and accurate copies of agreements executed by Defendants; Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of said paragraph.

22. With respect to paragraph 22 Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of said paragraph.

23. With respect to paragraph 23 admit that the referenced are exhibits true and accurate copies of agreements executed by Defendants; Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of said paragraph.

24. Paragraph 24 is admitted.

25. Paragraph 25 is admitted.

26. With respect to paragraph 26 Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of said paragraph.

27. With respect to paragraph 27 Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of said paragraph.

28. Paragraph 28 is admitted.

29. With respect to paragraph 29 Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of said paragraph.

30. Paragraph 30 is denied.

31. With respect to paragraph 31 Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of said paragraph.

32. With respect to paragraph 32 Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of said paragraph.

33. With respect to paragraph 33 Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of said paragraph.

34. With respect to paragraph 34 Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of said paragraph.

35. With respect to paragraph 35 Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of said paragraph.

36. Paragraph 36 is denied.

37. Paragraph 37 is denied.

38. With respect to paragraph 38, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of said paragraph.

39. With respect to paragraph 39 Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of said paragraph.

40. Paragraph 40 is denied.

41. With respect to paragraph 41 Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of said paragraph.

42. With respect to paragraph 42 Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of said paragraph.

43. With respect to paragraph 43 Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of said paragraph.

44. With respect to paragraph 44 Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of said paragraph.

45. Paragraph 45 is denied.

46. Paragraph 46 is denied.

47. With respect to paragraph 47 Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of said paragraph.

48. With respect to paragraph 48 Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of said paragraph.

49. With respect to paragraph 49 Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of said paragraph.

50. With respect to paragraph 50 Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of said paragraph.

51. With respect to paragraph 51 Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of said paragraph.

52. Paragraph 52 is denied.

53. Paragraph 53 is denied.

54. Paragraph 54 is denied.

55. Paragraph 55 is denied.

56. Defendants restate and incorporate by reference their answers to each referenced paragraph as if set forth in full.

57. Paragraph 57 is a mere legal conclusion to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations thereof.

58. Paragraph 58 is a mere legal conclusion to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations thereof.

59. With respect to paragraph 59 Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of said paragraph.

60. With respect to paragraph 60 Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of said paragraph.

61. Paragraph 61 is denied.

62. Paragraph 62 is denied.

63. Paragraph 63 is denied.

64. Defendants restate and incorporate by reference their answers to each referenced paragraph as if set forth in full.

65. Paragraph 65 is a mere legal conclusion to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations thereof.

66. With respect to paragraph 66 Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of said paragraph.

67. With respect to paragraph 67 Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of said paragraph.

68. Paragraph 68 is denied.

69. Paragraph 69 is denied.

70. Paragraph 70 is denied.

71. Defendant Chudy restates and incorporates by reference his answers to each referenced paragraph as if set forth in full.

72. Paragraph 72 is a mere legal conclusion to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations thereof.

73. Paragraph 73 is denied.

74. Paragraph 74 is denied.

75. Paragraph 75 is denied.

76. Paragraph 76 is denied.

77. Paragraph 77 is denied.

78. Defendant Chudy restates and incorporates by reference his answers to each referenced paragraph as if set forth in full.

79. Paragraph 79 is a mere legal conclusion to which no response is required. To the extent a response is required, Defendant Chudy is without knowledge or information sufficient to form a belief as to the truth of the allegations thereof.

80. Paragraph 80 is denied.

81. Paragraph 81 is denied.

82. Paragraph 82 is denied.

83. Paragraph 83 is denied.

84. With respect to paragraph 84 Defendant Chudy admits that the "NSA" alleges that Nevada law applies.

85. Defendant Dickelman restates and incorporates by reference his answers to each referenced paragraph as if set forth in full.

86. Paragraph 86 is a mere legal conclusion to which no response is required. To the extent a response is required, Defendant Dickelman is without knowledge or information sufficient to form a belief as to the truth of the allegations thereof.

87. Paragraph 87 is denied.

88. Paragraph 88 is denied.

89. Paragraph 89 is denied.

90. Paragraph 90 is denied.

91. With respect to paragraph 91 Defendant Dickelman admits that the "NSA" alleges that Nevada law applies.

92. Defendant Piazza restates and incorporates by reference her answers to each referenced paragraph as if set forth in full.

93. Paragraph 93 is a mere legal conclusion to which no response is required. To the extent a response is required, Defendant Piazza is without knowledge or information sufficient to form a belief as to the truth of the allegations thereof.

94. Paragraph 94 is denied.

95. Paragraph 95 is denied.

96. Paragraph 96 is denied.

97. Paragraph 97 is denied.

98. With respect to paragraph 98 Defendant Piazza admits that the "NSA" alleges that Nevada law applies

99. Defendant Tyler restates and incorporates by reference his answers to each referenced paragraph as if set forth in full.

100. Paragraph 100 is a mere legal conclusion to which no response is required. To the extent a response is required, Defendant Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations thereof.

101. Paragraph 101 is denied.

102. Paragraph 102 is denied.

103. Paragraph 103 is denied.

104. Paragraph 104 is denied.

105. With respect to paragraph 105 Defendant Tyler admits that the "NSA" alleges that Nevada law applies.

106. Defendant Wood restates and incorporates by reference her answers to each referenced paragraph as if set forth in full.

107. Paragraph 107 is a mere legal conclusion to which no response is required. To the extent a response is required, Defendant Wood is without knowledge or information sufficient to form a belief as to the truth of the allegations thereof.

108. Paragraph 108 is denied.

109. Paragraph 109 is denied.

110. Paragraph 110 is denied.

111. Paragraph 111 is denied.

112. With respect to paragraph 112 Defendant Wood admits that the "NSA" alleges that Nevada law applies.

113. Defendant Chudy restates and incorporates by reference his answers to each referenced paragraph as if set forth in full.

114. Paragraph 114 is a mere legal conclusion to which no response is required. To the extent a response is required, Defendant Chudy is without knowledge or information sufficient to form a belief as to the truth of the allegations thereof.

115. Paragraph 115 is denied.

116. Paragraph 116 is denied.

117. Paragraph 117 is denied.

118. Paragraph 118 is denied.

119. Paragraph 119 is denied.

120. Defendant Dickelman restates and incorporates by reference his answers to each referenced paragraph as if set forth in full.

121. Paragraph 121 is a mere legal conclusion to which no response is required. To the extent a response is required, Defendant Dickelman is without knowledge or information sufficient to form a belief as to the truth of the allegations thereof.

122. Paragraph 122 is denied.

123. Paragraph 123 is denied.

124. Paragraph 124 is denied.

125. Paragraph 125 is denied.

126. Paragraph 126 is denied.

127. Defendant Piazza restates and incorporates by reference her answers to each referenced paragraph as if set forth in full.

128. Paragraph 128 is a mere legal conclusion to which no response is required. To the extent a response is required, Defendant Piazza is without knowledge or information sufficient to form a belief as to the truth of the allegations thereof.

129. Paragraph 129 is denied.

130. Paragraph 130 is denied.

131. Paragraph 131 is denied.

132. Paragraph 132 is denied.

133. Paragraph 133 is denied.

134. Defendant Tyler restates and incorporates by reference his answers to each referenced paragraph as if set forth in full.

135. Paragraph 135 is a mere legal conclusion to which no response is required. To the extent a response is required, Defendant Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations thereof.

136. Paragraph 136 is denied.

137. Paragraph 137 is denied.

138. Paragraph 138 is denied.

139. Paragraph 139 is denied.

140. Paragraph 140 is denied.

141. Defendant Wood restates and incorporates by reference her answers to each referenced paragraph as if set forth in full.

142. Paragraph 142 is a mere legal conclusion to which no response is required. To the extent a response is required, Defendant Wood is without knowledge or information sufficient to form a belief as to the truth of the allegations thereof.

143. Paragraph 143 is denied.

144. Paragraph 144 is denied.

145. Paragraph 145 is denied.

146. Paragraph 146 is denied.

147. Paragraph 147 is denied.

## AFFIRMATIVE AND OTHER DEFENSES

As separate defenses to the allegations contained in the Complaint and the causes of action set forth therein, Defendants state as follows:

1. The Complaint fails to state a claim upon which relief can be granted.

2. Defendant requests formal notice of any request for temporary, preliminary or other injunctive relief, an evidentiary hearing with respect thereto, and discovery prior to the commencement of any hearing. Plaintiff's request for relief under the "Trade Secrets Act of 2016", Count I hereof, does not describe extraordinary circumstances sufficient to authorize the issuance of any seizure order.

3. Other forms of equitable relief are adequate to prevent the alleged harm to Plaintiff, and Defendants submit to this Court's jurisdiction and will willingly and fully comply with any appropriate order under Rule 65.

4. Plaintiff has failed to comply with the notice to employee provision of the "Defend Trade Secrets Act of 2016" and therefore one or more Defendants are not subject to exemplary damages or awards of attorney fees.

5. Plaintiff is not entitled to an award of attorney's fees pursuant to "Missouri's Uniform Trade Secrets Act".

6. To the extent described in the Complaint, the described materials do not constitute trade secrets or confidential information.

7. One or more of the "NSA"'s referenced in the Complaint are illegal.

8. Plaintiff has failed to mitigate its alleged damages in whole or in part.

9. Plaintiff's, damages – if any – are limited by all applicable statutory and constitutional caps and restraints, including, but not limited to, the caps on compensatory damages and/or punitive damages contained in the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.

10. Any allegations of the Complaint not explained, admitted or denied are hereby denied.

11. Defendant reserves the right to assert other affirmative defenses that are discovered during prosecution of this cause of action.

WHEREFORE, having fully responded to the Complaint, Defendants respectfully request that the Court dismiss the Complaint and tax all costs and fees to Plaintiff, and that the Court award Defendants such additional and further relief as it deems just and proper, and if no dismissed for a jury trial.

Respectfully Submitted,

/s/ Thomas H. Hearne
Thomas H. Hearne  #27596
HEARNE & PIVAC
2733 E. Battlefield #301
Springfield, MO 65804
Telephone:  417-883-3399
Facsimile:  (844) 422-9713
thhearne@hplawfirm.org

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of March, 2018 , the following was served with the Clerk using the Court's CM/ECF system which will serve electronic notice to:

> Neal F. Perryman, #43057MO
> Oliver H. Thomas, #60676MO
> **LEWIS RICE LLC**
> 600 Washington Avenue, Suite 2500
> St. Louis, MO 63101
> Telephone: (314) 444-7661
> Facsimile: (314) 612-7661
> nperryman@lewisrice.com
> othomas@lewisrice.com
>
> Alfred J. Bennington, Jr. (*Pro Hac Vice Forthcoming*)
> Daniel J. Barsky (*Pro Hac Vice Forthcoming*)
> Glennys Ortega Rubin (*Pro Hac ViceForthcoming*)
>
> **SHUTTS & BOWEN LLP**
> 200 South Biscayne Boulevard, Suite 4100
> Miami, Florida 33131
> Telephone: (407) 835-6755
> Facsimile: (407) 849-7255
> bbennington@shutts.com
> grubin@shutts.com
> dbarsky@shutts.com
> *Attorneys for Diamond Resorts Corporation*

/s/ Thomas H. Hearne #27596

MRC/pleadings/answer