# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DIAMOND RESORTS CORPORATION, a Maryland corporation, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No.: 6:18-cv-03053-MDH |
| MUTUAL RELEASE CORPORATION a/k/a 417 MRC LLC, a Missouri limited liability company; et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANT DONNELLY SNELLEN'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Defendant Donnelly Snellen (hereinafter "Defendant Snellen"), by and through undersigned counsel, and for his answer to Defendant's Amended Complaint states as follows:

1. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Defendant Snellen admits that CLS Inc. is a corporation organized and existing under the laws of the state of Missouri which was formed in 1998 for the purpose of operating a business that sold televisions and car audio equipment. Defendant Snellen denies the remaining allegations contained in paragraph 12 of the amended complaint.

13. Defendant Snellen admits that the corporation known as CLS did in fact register fictitious names of Atlas Vacation Remedies and Principal Transfer Group with the Missouri Secretary of State. Defendant Snellen denies the remaining allegation of paragraph 13 of the amended complaint.

14. Defendant Snellen admits that he is an individual and resident of the State of Missouri who resides in Jefferson City. It is bizarre and strange for Plaintiff to describe the rooms of his home in paragraph 14, and there is no reason whatsoever for Plaintiff to attach records regarding Defendant Snellen's home to its complaint. Furthermore, it is ridiculous to assert that "Snellen is also listed as the owner of CLS and, therefore, the owners of fictitious names "Atlas Vacation Remedies" and "Principal Transfer Group". Snellen denies that Snellen is "listed as the owner of CLS". Individuals and corporations are not one and the same. Snellen denies that he is now or has ever been the owner of the fictitious names "Atlas Vacation Remedies" and "Principal Transfer Group".

15. Defendant Snellen admits that Mr. Hemingway is an individual and resident of the State of Missouri but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15.

16. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. Defendant Snellen lacks knowledge or information sufficient for form a belief as to the truth of the allegations contained in paragraph 19.

20. Defendant Snellen admits that Diamond has retained the law firm of Shutts & Bowen but lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20.

<u>**ANSWER TO THE SECTION ENTITLED FACTS COMMON TO ALL COUNTS**</u>

A. <u>GENERAL BACKGROUND</u>

21. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. Denied. The items listed in subparagraphs a-d below are not trade secrets. Diamond's customer list including name, address, email address, phone numbers, the fact that they purchased from Diamond, may be found and purchased from multiple websites including list57.com, proleadbrokerusa.com, AmericanProfiles.com, and likely others. In addition, until the end of the year 2017, Diamond filed deeds when customers purchased timeshares and accepted deeds back from its customers for a fee and filed those deeds with the office of the County Recorder where the resort was located. Furthermore, Diamond has acquired hundreds of resorts around the United States and the developers of those resorts previously filed the deeds containing their customers' information. The customers' names, addresses, purchase histories, and other information were made matters of public record by Diamond itself. Diamond has not protected its alleged trade secrets. Diamond's customer information is readily available to others. It cannot be said that Diamond is zealously guarding its customers' information when Diamond itself makes the customer information a matter of public record. It would be a simple matter for a member of the public to go to the office of the Recorder of Deeds or search the Recorder's records online and compile a list of those customers who purchased

timeshares from Diamond at a certain address and from the other developers whose resorts Diamond has acquired.

24. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

36. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

41. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

42. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42.

43. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

46. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48.

49. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49.

50. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50.

51. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51.

52. Defendant Snellen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

53. Denied. The items described in paragraph 23 are not trade secrets. Diamond operates a large in house sales division and the customers information is widely distributed so employees can continue to sell to current customers and invite them to attend owner's update meetings which are additional opportunities for high pressure sales pitches.

54. Denied. The items described in paragraph 23 are not trade secrets.

55. Denied.  A customer could absolutely be a customer of Diamond and a customer of MRC where Diamond and MRC both profit from the business done with the particular customer.

56. Denied.

57. Denied.  MRC does not maintain an office in the Hammons Tower.

58. Admit.  The Springfield address is a 23-story office building which is occupied by at least dozens of entities.  Other entities located at the "Springfield address" also known as the Hammons Tower include the IRS, Secret Service, Federal District Attorney's Office, the Food and Drug Administration, ATF, and numerous law firms and other businesses.

59. Denied.

60. Denied.

61. Denied.

62. Defendant Snellen lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 62.

63. Denied.  The document was signed by CLS, Inc.

64. Denied.  The document was signed by CLS, Inc.

65. Defendant Snellen lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 65.

66. Denied.

67. Denied in the entirety, including all subparagraphs.

68. Denied in the entirety, including all subparagraphs.

69. Denied. CLS, Inc. does not do any business currently and it has never done any business whatsoever relating to Diamond Resorts or timeshares. The purported trade secrets are not trade secrets.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

## COUNT I

77. Defendant realleges and incorporates the preceding paragraphs of this answer as if fully set forth herein.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

## COUNT II

85. Defendant realleges and incorporates the preceding paragraph of this answer as if fully set forth herein.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

## COUNT III

92. Defendant realleges and incorporates the preceding paragraphs of this answer as if fully set forth herein.

93. Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 93.

94. Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 94.

95. Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 95.

96. Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 96.

97. Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 97.

98. Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 98.

## COUNT IV

99. Defendant Snellen realleges and incorporates the preceding paragraphs of this answer as if fully set forth herein.

100.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 100.

101.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 101.

102.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 102.

103.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 103.

104.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 104.

105.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 105.

## COUNT V

106.     Defendant Snellen realleges and incorporates the preceding paragraphs of this answer as if fully set forth herein.

107.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 107.

108.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 108.

109.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 109.

110. Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 110.

111. Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 111.

112. Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 112.

## COUNTS VI

113. Defendant Snellen realleges and incorporates the preceding paragraphs of this answer as if fully set forth herein.

114. Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 114.

115. Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 115.

116. Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 116.

117. Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 117.

118. Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 118.

119. Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 119.

## COUNT VII

120.     Defendant Snellen realleges and incorporates all preceding paragraphs of this answer as if fully set forth herein.

121.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 121.

122.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 122.

123.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 123.

124.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 124.

125.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 125.

126.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 126.

## COUNT VIII

127.     Defendant Snellen realleges and incorporates all preceding paragraphs of this answer as if fully set forth herein.

128.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 128.

129.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 129.

130.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 130.

131.    Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 131.

132.    Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 132.

133.    Defendant Snellen lacks knowledge and information to form a belief as ot the truth of the allegations contained in paragraph 133.

## COUNT IX

134.    Defendant Snellen realleges and incorporates all preceding paragraphs of this answer as if fully set forth herein.

135.    Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 135.

136.    Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 136.

137.    Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 137.

138.    Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 138.

139.    Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 139.

140.    Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 140.

## COUNT X

141.     Defendant Snellen realleges and incorporates all preceding paragraphs of this answer as if fully set forth herein.

142.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 142.

143.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 143.

144.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 144.

145.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 145.

146.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 146.

147.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 147.

## COUNT XI

148.     Defendant Snellen realleges and incorporates all preceding paragraphs of this answer as if fully set forth herein.

149.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 149.

150.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 150.

151.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 151.

152.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 152.

153.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 153.

154.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 154.

## COUNT XII

155.     Defendant Snellen realleges and incorporates all preceding paragraphs of this answer as if fully set forth herein.

156.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 156.

157.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 157.

158.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 158.

159.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 159.

160.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 160.

161.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 161.

## COUNT XIII

162.     Defendant Snellen realleges and incorporates all preceding paragraphs of this answer as if fully set forth herein.

163.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 163.

164.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 164.

165.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 165.

166.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 166.

167.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 167.

168.     Defendant Snellen lacks knowledge and information to form a belief as to the truth of the allegations contained in paragraph 168.

## **COUNT XIV**

169.     Defendant Snellen realleges and incorporates the preceding paragraphs of this answer as if fully set forth herein.

170.     Denied.

171.     Denied.

172.     Denied.

173.     Denied.

174.     Denied.

175.     Denied.

## COUNT XV

176.     Defendant Snellen realleges and incorporates the preceding paragraphs of this

     answer as if fully set forth herein.

177.     Denied.

178.     Denied.

179.     Denied.

180.     Denied.

181.     Denied.

182.     Denied.

## COUNT XV [SIC]

183.     Defendant Snellen realleges and incorporates the preceding paragraphs of this

     answer as if fully set forth herein.

184.     Denied.

185.     Denied.

186.     Denied.

187.     Denied.

188.     Denied.

189.     Denied.

190.     Denied.

191.     Denied.

192.     Denied.

WHEREFORE, having fully responded to the Amended Complaint, Defendant Snellen

respectfully requests that this Court deny all relief requested in Plaintiff's Amended

Complaint and tax all costs and fees to Plaintiff, and that the Court award Defendant Snellen such additional and further relief that this Court deems just and proper.

## DEFENDANT DONNELLY SNELLEN'S FIRST AMENDED COUNTERCLAIM AGAINST PLAINTIFF

COMES NOW Defendant Donnelly Snellen, by and through undersigned counsel, and for his counterclaim against Plaintiff Diamond Resorts Corporation states as follows:

## COUNT I – ABUSE OF PROCESS

1. Defendant Snellen has never done any business with or engaged in any sort of joint venture whatsoever with the other Defendants, other than to refer one person to a company owned primarily by Defendant Hemingway. This person had no affiliation whatsoever with Plaintiff. Mr. Snellen has done no acts whatsoever which give rise to any liability under the Complaint.

2. Defendant Snellen caused the incorporation of CLS, Inc., in 1998 for the purpose of owning and operating a shop that sold televisions.

3. Defendant Snellen never registered the fictitious names "Principal Transfer Group" or "Atlas Vacation Remedies." As Plaintiff well knows from its online perusal of the records of the Secretary of State and as evidenced by Plaintiff's complaint, those fictitious names were registered by CLS, Inc., and not Donnelly Snellen.

4. Even though Plaintiff knew that Mr. Snellen did not register the fictitious names, Plaintiff has sued him individually.

5. Plaintiff was obviously aware that CLS, Inc., existed and was created for the purpose of conducting business, yet Plaintiff has sued Mr. Snellen individually for alleged acts of the

corporation, while making no allegations whatsoever that the corporate veil should be pierced for any reason.

6. Plaintiff has no evidence whatsoever that Mr. Snellen ever did business with or engaged in a joint venture with the other defendants (excluding the instance referenced in paragraph one above which does not involve the Plaintiff in any way.) Plaintiff does not describe any manner whatsoever in its complaint describing how Defendant Snellen did business with or otherwise conspired with the other Defendants. The complaint is devoid of any facts which show any improper relationship between Defendant Snellen and the other Defendants.

7. Plaintiff has wrongfully acquired billions of dollars by defrauding elderly and unsophisticated consumers into purchasing worthless timeshares and saddling those consumers with massive life changing debt. This lawsuit, and the others like it filed by Shutts & Bowen LLP in Florida against Defendants Snellen, Hemingway, and their attorneys, is designed to allow the Plaintiff to keep all of their ill-gotten gains and to continue to sell worthless timeshares in the future while suffering no repercussions.

8. The Plaintiff instigated judicial proceedings against Defendant Snellen for an ulterior purpose and to harass and intimidate Mr. Snellen and to cause him to needlessly incur litigation expenses. This Court has rightfully stated that the lawsuit in Florida described above filed by the lawyers of the Shutts & Bowen, LLP firm (admitted pro hac vice in the instant case) regarding similar unfounded allegations constitutes intimidation. The process has been used to accomplish some end which is outside the regular purview of the process.

9. The manner in which Diamond used process in a manner that is not warranted or authorized is as follows:

   a. Diamond's investigation of the facts underlying this lawsuit against Mr. Snellen apparently consisted of a perusal of the online records of the Missouri Secretary of State and the filing of suit against anyone, including Mr. Snellen, who happened to be listed with certain records or shared an address. Being listed upon the records of the Secretary of State does not give rise to liability in Missouri.

   b. Based upon the allegations of its complaint, Diamond and its Shutts & Bowen attorneys, knew that CLS, Inc., registered certain fictitious names and not Mr. Snellen. Despite this knowledge, Diamond sued Mr. Snellen individually and made no allegations whatsoever regarding any piercing of the corporate veil. This is a common practice of the Shutts & Bowen attorneys who have sued undersigned counsel individually, as well as at least two other Missouri attorneys, when the Shutts & Bowen attorneys know well that the attorneys practice law in the form of an LLC. It is well known that, under Missouri law, individual shareholders of a corporation or LLC are not liable for the acts of the corporation or LLC.

   c. Plaintiff has no evidence whatsoever that Mr. Snellen ever did business with or engaged in a joint venture with the other defendants (excluding the instance referenced in paragraph one above which does not involve the Plaintiff in any way.) Plaintiff does not describe any manner whatsoever in its complaint describing how Defendant Snellen did business with or otherwise conspired with

the other Defendants. The complaint is devoid of any facts which show any improper relationship between Defendant Snellen and the other Defendants.

d.  Plaintiff has wrongfully acquired billions of dollars by defrauding elderly and unsophisticated consumers into purchasing worthless timeshares and saddling those consumers with massive life changing debt which ruins their credit. This lawsuit, and the others like it filed by Shutts & Bowen, is designed to allow the plaintiff to keep all of their ill-gotten gains and to continue to sell worthless timeshares in the future while suffering no repercussions.

e.  The Plaintiff instigated judicial proceedings against Defendant Snellen for an ulterior purpose and to harass and intimidate Mr. Snellen and to cause him to needlessly incur litigation expenses. This Court has stated that a lawsuit filed by the lawyers of the Shutts & Bowen firm (admitted pro hac vice in the instant case) regarding similar unfounded allegations constitutes intimidation. The process has been used to accomplish some end which is outside the regular purview of the process.

f.  Plaintiff and its many attorneys (over 300) at the firm of Shutts & Bowen, conspired to instigate these and other judicial proceedings in an attempt to intimidate Defendant Snellen, and his friends and associates and attorneys, from assisting or representing defrauded timeshare owners whose lives have been severely impacted by the massive debt (which can equal  hundreds of thousands of dollars) that they owe to timeshare resorts for a timeshare with no value whatsoever that may not be sold on the open market.

g.  This lawsuit, and the others filed like it by Shutts & Bowen, have been instigated for the improper purpose of intimidating those who assist defrauded timeshare owners into silence and inaction, and to chill access to the courts for victims of timeshare fraud.

h.  In the case of Wyndham Vacation Ownership, Inc. et al v. The Montgomery Law Firm, LLC et al, Case No. 6:18-cv-02121-ACC-KRS ("the Florida case"), Plaintiff's counsel, Shutts & Bowen, has sued undersigned counsel individually in the State of Florida, even though undersigned counsel has no continuous and systematic affiliations whatsoever with the State of Florida and practices law in the form of an LLC in Missouri as Plaintiff's counsel knows. The complaint is replete with false allegations. The Florida lawsuit illustrates that the Shutts Bowen firm, which represents Diamond and Wyndham, is engaged in a pattern and practice of conduct designed to chill access to the courts for timeshare fraud victims and to prevent them from obtaining counsel.

i.  In the same Florida case, Plaintiff's counsel, Shutts & Bowen, has sued The Montgomery Law Firm, LLC, Montgomery and Newcomb, LLC, local attorney Todd Newcomb, and Defendants herein Snellen and Hemingway.

j.  Plaintiff's counsel, Shutts & Bowen, are the architects of a scheme and conspiracy to file suit in Florida (or in Nevada in one instance) against attorneys practicing across the country who dare to represent victims of timeshare fraud. As this Court has rightfully noted, the scheme is designed to intimidate the attorneys  many of whom are solo practitioners or practice at small firms, into refraining from representing victims of timeshare fraud, many of whom owe hundreds of

thousands of dollars for points or timeshares that have no value whatsoever on the open market, and to chill access to the courts for the victims of the fraudulent sales practices perpetrated by the billion dollar timeshare developers. For example, and in addition to local attorneys Montgomery and Newcomb, the Shutts & Bowen firm has orchestrated lawsuits against attorney Ken Privett from Oklahoma; and filed suit in Wyndham v. US Consumer Attorneys, DC Capital Law Firm, et al., Case No. 9:18-cv-81251, Diamond Resorts International, Inc. et al v. US Consumer Attorneys P.A., Case No. 9:18-cv-080311-RLR, and Wyndham Vacation Ownership, Inc. et al v. Totten Franqui Davis & Burk, LLC et al, Case No. 9:18-cv-81055-DMM in the Southern District of Florida; and filed suit in Wyndham v. CLS and Attorney Mary Clapp in the Southern District of Florida; and filed suit in Wyndham Vacation Ownership, Inc. et al v. Reed Hein & Associates, LLC et al, Case No. 6:18-cv-02171-PGB-TBS in the Middle District of Florida (Orlando).  Additional lawsuits against attorneys who represent victims of timeshare fraud will be the subject of discovery in this case.

k.  Undersigned counsel filed a lawsuit on behalf of approximately 36 clients in the Circuit Court of Taney County, Missouri, bearing case number 1846-CC00155, against Wyndham, a client of Shutts & Bowen; and undersigned counsel also filed suit against timeshare developer Diamond, a client of Shutts & Bowen, in the Circuit Court of Taney County, Missouri, bearing case number 1846-CC00179 on September 19, 2018.

l.  The Florida case referenced above filed against Defendants Snellen and Hemingway and undersigned counsel was filed on December 10, 2018, not long after the lawsuits against Wyndham and Diamond had been filed in Missouri.

m.  By e-mail dated January 8, 2019, during a dialogue regarding this civil case, Shutts & Bowen attorney Alfred Bennington attempts to intimidate undersigned counsel by stating and threatening that his cases cause "the initiation AG [sic] and criminal investigations as to some of the defendants as well as disbarment and sanctions for others where the lawyers were named" after boasting of "prosecuting cases" for 41 years.

n.  As a part of the pattern and practice of intimidation, on January 22, 2019 at 10:50 a.m., Shutts & Bowen attorney Glennys Ortega Rubin sent an e-mail to opposing counsel in the Florida case stating that Defendant Hemingway, undersigned counsel, attorney Todd Newcomb and the Missouri law firms "are actively avoiding and evading service" which is a crime in Missouri and Florida. Nothing could be further from the truth and none of the accused parties have taken any action whatsoever to avoid or evade service.

o.  Attorneys from the Shutts & Bowen law firm are the agents and servants and employees of Plaintiff and Wyndham and Plaintiff is liable for their actions.

p.  The propensity of the Shutts & Bowen firm to make false allegations against undersigned counsel and to sue attorneys who represent timeshare victims, and to threaten criminal prosecution and disbarment and sanctions in connection with a civil case, and to accuse Defendants' undersigned counsel in writing of committing crimes, constitutes abuse of process for which Plaintiff is liable.

q. In the instant case, Plaintiff has violated Rule 26(c). Plaintiff obtained a protective order on April 18, 2018. Defendant Snellen was served on September 10, 2018. Rule 26(c) states that a motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve" any disputes regarding the protective order. Plaintiff never conferred with Defendant Snellen prior to obtaining a protective order. Defendant Snellen was not even a party to the case when the protective order was sought.

r. Plaintiff has violated Rule 26(f). Plaintiff conducted a Rule 26 conference without the presence of Defendant Snellen.

s. Plaintiff has violated Rule 26(d). Plaintiff propounded discovery to Defendant Snellen prior to any Rule 26(f) conference attended by Defendant Snellen.

10. In doing the acts described herein, the Plaintiff committed the described willful acts in the use of process not proper in the regular conduct of these proceedings.

11. Defendant Snellen was thereby damaged. Defendant Snellen has incurred and will incur substantial sums for attorney fees to defend against this abusive lawsuit.

12. Defendant Snellen has suffered damages as a direct and proximate result of Plaintiff's misconduct in connection with this judicial proceeding.

13. Plaintiff made use of a legal process that was improper and neither warranted nor authorized by law.

14. Plaintiff had an improper purpose in engaging in the improper use of process.

15. Defendant Snellen alleges an illegal, improper, perverted use of process that is not warranted or authorized, and that defendants had an improper purpose in the use of the process as described in this count.

16. All of Plaintiff's actions and omissions described herein support an award of punitive or exemplary damages.

17. Plaintiff's actions, omissions, and conduct described herein were outrageous because of the Plaintiff's evil motive or reckless indifference to the rights of others.

18. Defendant Snellen is entitled to an additional amount of punitive damages in such sum as the jury believes will serve to punish Plaintiff and to deter Plaintiff and others from like conduct.

19. Plaintiff's conduct showed complete indifference to and conscious disregard for the rights and safety of others.

20. Plaintiff has the ability to pay an award of punitive damages.

WHEREFORE, Defendant Snellen prays for judgment against Plaintiff for all damages allowed by law, including his attorney's fees incurred herein, for an award of punitive damages, and for interest thereon, and for such other and further relief that this Court deems just and proper.

Respectfully Submitted,

THE MONTGOMERY LAW FIRM, LLC

By:  /s/ M. Scott Montgomery
      M. Scott Montgomery
      Missouri Bar No. 42805
      901 E. St. Louis Street, Suite 1200
      Springfield, MO 65806
      Phone: 417-887-4949
      Fax: 417-887-8618
      E-mail: scott@montgomerylaw.org

Attorney for Defendant Donnelly Snellen

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon counsel of record via the Court's electronic filing system on this 4th day of February 2019.

 */s/ M. Scott Montgomery*
M. Scott Montgomery