UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DIAMOND RESORTS CORPORATION, a Maryland corporation, <br><br> Plaintiff, <br><br> v. <br><br> MUTUAL RELEASE CORPORATION a/k/a 417 MRC LLC, a Missouri limited liability company, et al., <br><br> Defendants. | Case No.: 6:18-cv-03053-MDH |

**PLAINTIFF'S AGREED MOTION TO EXTEND EXPERT WITNESS DEADLINES AND MOTION TO EXTEND DEADLINE TO AMEND THE PLEADINGS AND INCORPORATED SUGGESTIONS IN SUPPORT THEREOF**

Plaintiff, Diamond Resorts Holdings, LLC ("Diamond), respectfully requests that the Court extend the deadlines to designate expert witnesses and provide affidavits in the Second Amended Scheduling and Trial Order for Jury Trial [DE 91] ("Scheduling Order") from February 28 and April 12, 2019 until April 19 and May 31, 2019 respectively. Counsel for all defendants agreed to this extension.

In addition, Diamond requests that the Court extend the deadline to amend the pleadings from February 28, 2019 until April 19, 2019. Mr. Montgomery agreed to this relief. Diamond was not able to determine Mr. Hearne's position by the filing of this motion. Diamond makes the following suggestions in support thereof:

**General Background**

1. Diamond filed this action against the various defendants because they were involved with "timeshare exit companies." Timeshare exit companies induce timeshare owners,

including Diamond's owners, to breach their valid and existing timeshare contracts. Timeshare exit companies do this by making false and misleading representations to the timeshare owners to induce them into believing that the exit company can legitimately terminate their contract when in reality they cannot.

2. Diamond filed the initial Complaint in this action on February 20, 2018 against Mutual Release Corporation a/k/a 417 MRC LLC, Dan Chudy, Matthew Tucker, Joseph Dickleman, Therese Brooke Piazza, Nathaniel Tyler, and Sheila Wood (collectively, the "Original Defendants").

3. With the exception of Tucker, the Original Defendants were former Diamond employees. Diamond alleged that the Original Defendants conspired together to steal Diamond's trade secrets and open Mutual Release Corporation ("MRC") as a timeshare exit company. Tucker and Chudy own MRC.

4. On August 31, 2018, Diamond filed its Amended Complaint, which added three new defendants, CLS, Inc.; Donnelly Snellen; and Jason Levi Hemmingway and alleged additional claims for: Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1) (Count XIV); Common Law False Advertising (Count XV); and Tortious Interference (Count XV).

**Relevant Procedural Background**

5. Diamond served CLS and Snellen on September 19, 2018. DE 73, 74. Hemingway executed a waiver of service on November 6, 2018. DE 94.

6. On October 11, 2018, Diamond and the Original Defendants filed a joint motion to amend the scheduling order based on the additional parties being added to the case. DE 74.

The Court entered the Scheduling Order pursuant to the parties' request.[1]

7. Diamond filed a Motion for Default Against CLS and Snellen on October 16, 2018 because they failed to respond to the Amended Complaint. DE 80.

8. Snellen requested leave to file an answer out of time, which the Court granted on October 28, 2018. DE 99.[2]

9. Snellen and Hemingway both responded to the Amended Complaint by filing Motions for More Definite Statements on December 7, 2018 and December 20, 2018, respectively. DE 102, 107.

10. The Court denied those motions, and Snellen and Hemingway filed their answers on February 4, 2019. DE 132, 133.

11. In addition to their answers, Snellen and Hemingway both filed Counterclaims against Diamond. *See id.*

12. On February 18, 2019, Diamond filed motions to dismiss the Counterclaims. DE 138-141.

13. Thus, the pleadings in this case have not closed.

**Discovery Status**

14. The Original Defendants have produced documents and responded to interrogatories, and the parties have begun taking depositions.

15. On December 21, 2018, despite not yet having answers from Snellen and Hemingway at the time, Diamond served requests for production and interrogatories on both (the "Discovery Requests").

---

[1] The Scheduling Order is titled Second Amended Scheduling Order because there was a scrivener's error in the prior version. *See* DE 90, 91.

[2] The Court entered a default against CLS. *See* DE 127.

3

16. Snellen and Hemingway responded to the Discovery Requests on January 21, 2019.

17. On February 8, 2019, the Court ordered Snellen and Hemingway to supplement their responses to the Discovery Requests. DE 136.

18. Snellen provided his supplemental responses on February 21, and Hemingway provided his supplemental responses on February 26.

19. Snellen admitted in his supplemental interrogatories that he is the "sole owner of the membership units of Principal Transfer Group, LLC" which "has done work to attempt to effect the transfer of timeshares owned by Diamond owners." A copy of the Supplemental Response is attached hereto as Exhibit A.

20. Despite that fact, Hemingway, who indisputably has possession, custody and control of the Principal Transfer Group LLC's records, did not produce a single document relating to those Diamond owners, even though Diamond issued a request for production for "All documents in your possession that refer to Diamond or any current or former Diamond Customers." *See* Request No. 5, a copy of the Request for Production is attached hereto as Exhibit B. Numerous other requests also sought relevant documents related to Diamond customers. *See, e.g.*, *id*. at Request Nos. # 8, 9, 10, 11, 12, 13, 14, 15, 28, 29, and 34.

21. On February 27, 2019, Diamond's counsel sent an email to Mr. Montgomery, counsel for Hemingway, to address the outstanding discovery, and Mr. Montgomery advised that Hemingway would supplement his responses.

**Argument**

**I.     The Court Should Extend the Expert Disclosure Deadlines**

4

22. Pursuant to the Scheduling Order, by February 28, Diamond is required to designate any expert witnesses and provide an affidavit with a complete statement of all opinions to be expressed and the basis and reasons for the opinion, including the data or other information considered by the witness. Scheduling Order at 3.

23. Diamond respectfully submits that it cannot comply with the current February 28 deadline. Diamond has retained an expert to provide testimony in this case regarding the damages Diamond sustained as a result of the defendants inducing timeshare owners to breach their contracts.

24. Diamond's own records, however, are not sufficient to determine its damages and Diamond requires discovery from the defendants to adequately prepare its expert reports. For example, at a minimum, Diamond needs customer files from each of the defendants to determine which Diamond customers were represented by the defendants as Diamond's own records may not disclose that fact.

25. Notably, during his recent deposition, Chudy, one of the owners of MRC, testified that he would refer timeshare owners to a company owned by Hemingway, and Hemingway has now admitted that his company represents Diamond customers. Accordingly, discovery from Hemingway regarding which timeshare owners he and his entities represent will be relevant to Diamond's expert analysis.

26. To date, Hemingway has not produced any such documents, though his counsel indicated that he would supplement the production.

27. Although Hemingway has argued that he is not liable in this case because he operates through a corporate entity, he is still liable under Missouri law. *See State ex rel. Doe Run Res. Corp. v. Neill*, 128 S.W.3d 502, 505 (Mo. 2004) ("[A] corporate officer may be held
5

individually liable for tortious corporate conduct if he or she had actual or constructive knowledge of, and participated in, an actionable wrong.") (citation and quotations omitted).

28.　Accordingly, Diamond requests that the Court extend the deadline for Diamond to designate its experts from February 28 until April 19, and extend the deadline for Defendants to designate experts from April 12 to May 31. Diamond requires this time to obtain the necessary documents from defendants to prepare its expert reports.

29.　Granting the requested extension will not prejudice the parties or the Court. The current discovery deadline is July 31, 2019, and therefore the parties would still have two months to complete expert discovery from the last disclosure. Moreover, the deadline for filing dispositive or Daubert motions is October 1, 2019, and the requested extension therefore would not affect those deadlines.

30.　Counsel for Diamond conferred with Mr. Hearne, counsel for the Original Defendants, and Mr. Montgomery, counsel for Snellen and Hemingway, regarding the requested relief and they agree to the requested extensions.

**II.　The Court Should Extend the Deadline to Amend the Pleadings**

31.　Pursuant to the Scheduling Order, the deadline to amend the pleadings is also February 28, 2019. Wyndham also requests that the Court extend that deadline to April 19, 2019.

32.　As discussed above, Diamond still has not received documents from Hemingway regarding his, or his entities, representation of Diamond Owners. Upon receiving those documents, Diamond may be required to amend certain allegations, including but not limited to amending the allegations as to why Hemingway is individually liable for the damages at issue in this case.

6

33. Moreover, there is a pending motion to dismiss Snellen and Hemingway's counterclaims. The parties may be required to amend the pleadings based on the resolution of those motions.

34. Counsel for Diamond conferred with Mr. Montgomery regarding the requested relief, who agreed to the extension. Counsel for Diamond attempted to confer with Mr. Hearne, but Mr. Hearne was not able to provide a response by the filing of this Motion. Diamond will supplement this filing if the parties are able to reach a resolution.

WHEREFORE, Diamond respectfully requests that the Court extend the deadlines to designate expert witnesses and provide affidavits in the Second Amended Scheduling and Trial Order for Jury Trial [DE 91] from February 28 and April 12, 2019 until April 19 and May 31, 2019 respectively; extend the deadline to amend the pleadings from February 28, 2019 until April 19, 2019; and grant such other and further relief as this Court deems appropriate.

Dated: February 27, 2019

By: */s/ Alfred J. Bennington, Jr.*
Alfred J. Bennington, Jr., Esq.
*(Pro Hac Vice)*
Florida Bar No. 404985
Email: bbennington@shutts.com
Glennys Ortega Rubin, Esq.
*(Pro Hac Vice)*
Florida Bar No. 556361
Email: grubin@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile: (407) 849-7255

And

Daniel J. Barsky, Esq.
*(Pro Hac Vice)*
Florida Bar No. 25713
Email: dbarsky@shutts.com
**SHUTTS & BOWEN LLP**
200 South Biscayne Boulevard, Suite 4100
Miami, Florida 33131
Telephone: 561-650-8518
Facsimile: 561-822-5527

And

Neal F. Perryman, #43057MO
Oliver H. Thomas, #60676MO
**LEWIS RICE LLC**
600 Washington Avenue, Suite 2500
St. Louis, MO 63101
Telephone: (314) 444-7661
Facsimile: (314) 612-7661
nperryman@lewisrice.com
othomas@lewisrice.com

*Attorneys for Plaintiff, Diamond Resorts Corporation*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of February 2019, a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using the Court's CM/ECF filing system, which will serve a copy on:

| | |
|---|---|
| **Thomas H. Hearne, Esq.** | **M. Scott Montgomery, Esq.** |
| **HEARNE & PIVAC** | **THE MONTGOMERY LAW FIRM, LLC** |
| 2733 East Battlefield, #301 | 901 E. St. Louis St., Ste. 1200 |
| Springfield, Missouri 65804 | Springfield, MO 65806 |
| Telephone: (417) 883-3399 | Telephone: 417-887-4949 |
| Facsimile: (844) 422-9713 | Facsimile: 417-887-8618 |
| Email: thhearne@hplawfirm.org | Email: scott@montgomerylaw.org |
| *Attorneys for Mutual Release Corporation d/b/a 417 MRC LLC, Dan Chudy, Matthew Tucker, Joseph Dickleman, Therese Brooke Piazza, Nathaniel Tyler, and Sheila Wood* | *Attorneys for Donnelly Snellen and Jason Levi Hemmingway* |

                                          */s/ Alfred J. Bennington, Jr.*
                                          **Alfred J. Bennington, Jr., Esq.**

ORLDOCS 16739373 1