IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DIAMOND RESORTS CORPORATION ) | |
| Plaintiff, ) | |
| v. ) | Case No. 6:18-CV-03053-MDH |
| MUTUAL RELEASE CORPORATION, ) Inc., et al., ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff Diamond Resorts Corporation's ("Diamond") Motion for Summary Judgment on Defendant Donnelly Snellen's First Amended Counterclaim. (Doc. 239). Snellen in his First Amended Counterclaim alleges a single abuse of process claim against Diamond. (Doc. 132). Snellen moves for summary judgment on the claim because (1) Diamond has not made an illegal, improper, or perverted use of process as required under Missouri law; and (2) alternatively, Diamond has not created a genuine issue of material fact that Plaintiff did anything other than pursue its lawsuit to its conclusion. For the reasons explained below, the Court will grant Diamond's Motion.

**Background**

On August 31, 2018, Diamond sued Snellen for actions arising from the operation of several timeshare exist companies, asserting claims under the Defend Trade Secrets Act, the Missouri Uniform Trade Secrets Act, the Lantham Act, and a common law false advertising claim. (Doc. 64). On February 15, 2019, Snellen made, and Diamond accepted, an Offer of Judgment. (Doc. 99). The Court soon after issued judgment against Snellen in favor of Diamond. (Doc. 152).

1

However, on February 4, 2019, Snellen asserted a counterclaim against Diamond for abuse of process. (Doc. 132). Snellen claimed that Diamond "instigated judicial proceedings against Donnelly Snellen for an ulterior purpose and to harass and intimidate Mr. Snellen and to cause him to needlessly incur litigation expenses." *Id.* at 20. Snellen argued that Diamond had no evidence or reason to believe that Snellen had engaged in any wrongdoing, and that the purpose of suing Snellen was to harass and intimidate him into quitting his business. *Id.* at 26. He accused Diamond of making use of legal process in a way that was willfully improper and unauthorized under Missouri law. *Id.* Finally, he accused Diamond's law firm, Shutts & Bowen LLP, of being "the architects of a scheme and conspiracy . . . designed to intimidate the [Defendant's] attorneys . . . into refraining from representing victims of timeshare fraud[.]"

**Standard of Review**

Summary judgment is proper where, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1359 (8th Cir. 1993). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To satisfy this burden, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Lastly, "when a movant for summary

2

judgment points out to the court an absence of evidence to support an essential element for which the nonmovant will have the burden of proof at trial, the nonmovant must make a sufficient showing that there is a genuine issue of fact as to that element." *Celotex*, 477 U.S. at 323.

## Discussion

An abuse of process claim has three elements: (1) the defendant made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; (2) the defendant had an improper purpose in exercising such illegal, perverted or improper use of process; and (3) damage resulted. *Williams v. HSBC Bank, USA, N.A.*, 467 S.W.3d 836, 843 (Mo. Ct. App. 2015) (internal citations omitted). Notably, "no liability attaches where a party has done nothing more than pursue the lawsuit to its authorized conclusion regardless of how evil a motive he possessed at the time." *Trustees of Clayton Terrace Subdivision v. 6 Clayton Terrace, LLC*, 2019 WL 3793761, at *5 (Mo. 2019) (en banc). Finally, the Court may not conflate the first and second elements of an abuse of process claim by "inferring an improper use of process from bad motive." *Id.* (quoting *Moffett v. Commerce Trust Co.*, 283 S.W.2d 591, 600 (Mo. 1955).

Snellen's claim is focused wholly on the evil motive of Diamond in bringing this lawsuit. He claims, essentially, that Diamond has abused process because its purpose in bringing this lawsuit was to harass, intimidate, and impose a financial cost on Snellen, with the ultimate goal of driving him out of business. However, as the Supreme Court of Missouri made clear in *Clayton Terrace*, the presence of an evil motive alone is not enough to proceed; the Court will not improperly conflate the first and second elements of an abuse of process claim. A plaintiff must not only show evil motive but also that the use of process was neither warranted nor authorized— in other words, that the claim was not brought with the purpose for which that cause of action is designed. See *Clayton Terrace*, 2019 WL 3793761, at *6.

3

In this case, the causes of action brought by Plaintiff—a common law fraud claim, along with claims grounded in state and federal trade secret laws—are undoubtedly intended to enjoin operations of businesses that engage in fraud or trade secret violations and obtain compensation for damages related to those violations. Consequently, Diamond's purpose in bringing suit against Snellen—to enjoin his businesses and recoup losses suffered by their operation—aligns with the purposes of the causes of action invoked. The Court also notes there is a total absence of evidence that Diamond used process in a way that was unwarranted or unauthorized or committed any improprieties in pursuing its claim in this Court. Snellen's evidence, as it were, amounts to bare accusations of evil motive and insinuations that Diamond's attorneys used tactics to target Snellen that the Court considers commonplace, such as reviewing business records kept by the Missouri Secretary of State and communicating in a confrontational manner with Snellen's attorneys. (Doc. 132 at 23-24). None of the actions allegedly committed by Diamond or its attorneys constitute unwarranted or unauthorized use of process. In the absence of such evidence, the Court finds Snellen has not made a sufficient showing that there is a genuine issue of material fact as to the first element of his claim.

## **CONCLUSION**

Because the Court finds no genuine issue of material fact exists as to whether the first element of Snellen's abuse of process claim can be satisfied, the Court hereby enters judgment in favor of Plaintiff and against Defendant Donnelly Snellen on this claim. Snellen's claim is **DISMISSED** with prejudice.

**IT IS SO ORDERED**.

DATED: November 7, 2019

*/s/ Douglas Harpool*
**M. DOUGLAS HARPOOL
UNITED STATES DISTRICT JUDGE**